United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

    Plaintiff,

    v.

NEW YORK CITY HOUSING AUTHORITY, et al.,

    Defendants.
_____/

No. C 11-80020 MISC PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

    Plaintiff Hung Ha ("plaintiff") filed the instant complaint on January 31, 2011, along with an application to proceed in forma pauperis. Plaintiff further supplemented his filings with a letter to clerk dated February 7, 2011. Because the court finds that the complaint must be dismissed under 28 U.S.C. § 1915(e)(2), the request for leave to proceed in forma pauperis is DENIED.

    Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct.

at 1831.  Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Plaintiff's complaint alleges that he was unlawfully discriminated against on the basis of a disability.  Specifically, plaintiff alleges that in the fall of 1989 and while in the second year of law school, he was interviewed by the New York City Housing Authority ("NYCHA") for an employment position with the NYCHA's internship program.  See Complaint, ¶¶ 1-2.  Plaintiff was offered a position, and he accepted in December 1989.  Plaintiff began work at NYCHA in the summer of 1990, after completing his second year of law school.  Id., ¶ 6.  Plaintiff alleges that he worked for NYCHA until May 1991, and postponed is third year of law school by one year.  Id.  However, while plaintiff was doing the internship, he alleges that one of the general counsels at NYCHA, Mr. Robert Doan, realized "that [plaintiff] was not a normal person."  Id., ¶ 7.  Plaintiff further alleges that he was disabled.

Plaintiff finished law school in May 1992, and left New York City for California.  Complaint, ¶ 11.  In March 1993, he asked NYCHA to allow him to return to the internship program.  Plaintiff alleges, however, that he was led to understand that he "had no hope of returning to [the] internship program or NYCHA law."  Id., ¶ 12.  Plaintiff alleges that there was nothing he could do about this denial of his request to return to NYCHA law, and that plaintiff was out of money up through February 2010, when he started receiving social security benefits.  Id., ¶ 13.  Plaintiff alleges that he was well qualified for a job as Mr. Doan's assistant and that he is able at present to do a good job either in the internship program or litigation unit of NYCHA.  Complaint, ¶ 16.

Plaintiff alleges four claims against the NYCHA, the U.S. Department of Education, and the U.S. State Department: (1) breach of an employment contract; (2) discrimination on

the basis of a disability in violation of the Americans with Disabilities Act ("ADA"); (3) disability discrimination under 42 U.S.C. § 12132; and (4) deprivation of employment in violation of the Fourteenth Amendment.

As a preliminary matter, plaintiff's claims cannot be asserted against all defendants. Specifically, the U.S. Department of Education and the U.S. State Department cannot be held liable, under the principles of sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); see also United States v. Mitchell, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Plaintiff has alleged no waiver of sovereign immunity by either defendant here. These defendants are therefore immune from suit.

Turning to the merits of plaintiff's claims, plaintiff also cannot adequately allege any viable cause of action, because all claims are time-barred. Reading plaintiff's complaint as generously as possible, each of plaintiff's claims is rooted in NYCHA's "denial of [plaintiff's] request to return to NYCHA" – an occurrence that plaintiff alleges took place in 1993. See Complaint, ¶¶ 12-13. Plaintiff alleges, for example, that NYCHA's denial of plaintiff's request constituted the alleged breach of an employment contract (first claim); that Mr. Doan's exclusion of plaintiff from NYCHA violated the ADA's prohibitions on disability discrimination (second claim), as well as the ADA's substantive prohibition on discrimination by public entities (third claim); and that Mr. Doan's exclusion deprived plaintiff of his Fourteenth Amendment rights under the federal constitution (fourth claim). See generally Complaint.

Since the instant complaint was filed in 2011 – i.e., more than twelve years past the date on which NYCHA denied plaintiff's request for employment – this twelve year lapse is fatal to plaintiff's claims. While plaintiff fails to allege whether he is asserting a breach claim under New York or California law, a claim under either state's law would be barred. See ABF Capital Corp., a Delaware Corp. v. Osley, 414 F.3d 1061, 1065 (9th Cir.

2005)(New York's statute of limitations on a breach of contract action six years; California's statute of limitations is four years).  Similarly, in order to assert timely claims under the ADA, plaintiff was required to timely file an administrative charge with the Equal Employment Opportunity Commission within 300 days of the alleged violation.  Plaintiff has long since passed that deadline, and has furthermore failed to allege exhaustion of his administrative remedies prior to filing the instant claims.  See also Douglas v. Calif. Dep't of Youth Auth., 271 F.3d 812, 823 n. 12 (9th Cir.2001)(applying 300-day filing period to ADA claims); EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994)(plaintiff in discrimination case must exhaust EEOC remedies before filing in federal court).  Finally, the court liberally construes plaintiff's conclusory fourth claim for "depriv[ation] [of his] employment with NYCHA" as a claim for violation of a constitutional right pursuant to 42 U.S.C. § 1983 – to which a two year statute of limitations is applied.  See, e.g., Wilson v. Garcia, 471 U.S. 261 (1985)(forum state's statute of limitations for personal injury torts sets forth appropriate period for determining statute of limitations under sections 1983 and 1985), superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993); see also Cal. Civ. Proc. Code § 335.1 (establishing two year limitation for the filing of civil claims alleging personal injury).

       Although plaintiff has alleged that all statutes of limitation "have been tolled such that they would not begin running till sometime after [he] started receiving SSI in 2010," see Complaint ¶ 14, this allegation is wholly conclusory and without support.  Plaintiff does not allege that he was unaware of the denial of his request to return to NYCHA law, or that defendants somehow concealed such fact from him, or that he or defendants otherwise undertook any course of conduct that would have tolled any statutes of limitation.  Nor does plaintiff adequately allege any reasons why the receipt of social security benefits would toll any statutes of limitation.  Indeed, the court is unaware of any law that would support such an allegation.  To the contrary, the substance of plaintiff's allegations make plain not only

4

that plaintiff's claims against defendants are grounded in a denial of employment that took place in 1993, but also that plaintiff was perfectly aware of such denial at the time it occurred.  As such, plaintiff's claims are untimely.

For the foregoing reasons, plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the court hereby DISMISSES plaintiff's complaint.  Because any amendment will be futile in light of the time-barred nature of the claims, the dismissal is with prejudice. Plaintiff's request to proceed in forma pauperis is DENIED.

This order also constitutes a pre-filing review of plaintiff's complaint, as mandated in accordance with plaintiff's adjudged status as a vexatious litigant for purposes of actions filed in this district.  See Ha v. U.S. Attorney General, et al., C 09-5281 JL.

**IT IS SO ORDERED.**

Dated: February 18, 2011

PHYLLIS J. HAMILTON
United States District Judge