UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

        Plaintiff,

       v.

NEW YORK CITY HOUSING AUTHORITY, et al.,

        Defendants.
_____/

No. C 11-80020 MISC PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

       Before this court is pro per plaintiff Hung Ha's motion for reconsideration of the court's February 18, 2011 order dismissing his case.

       Plaintiff's motion is procedurally improper in the first instance. Civil Local Rule 7-9 requires plaintiff to obtain leave of court before filing a motion for reconsideration. Plaintiff made no such request prior to filing his motion for reconsideration. Thus, denial of plaintiff's motion on this procedural ground would normally be warranted.

       Even construing plaintiff's motion as properly before the court, however, the court nonetheless determines that denial of plaintiff's motion on the merits is appropriate. For reconsideration to be warranted – pursuant to either Federal Rule of Civil Procedure Rule 59(e) or Rule 60(b) – a plaintiff must demonstrate: a material difference in fact or law from that which was previously presented to the court; the emergence of new material facts or a change in law; or a manifest failure of the Court to consider material facts or dispositive legal arguments. Civ. L. R. 7-11(b); see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2010), § 14:361.1. No such showing is presented here.

       Plaintiff's papers – from which it is difficult to clearly discern a coherent argument –

present the following arguments in favor of reconsideration: (1) 28 U.S.C. § 1915 is not applicable to "law-abiding, tax-paying" citizens and if so, is unconstitutional; (2) the definition of "frivolous" pursuant to section 1915 and as applied to plaintiff's claims, is unconstitutional; (3) the court failed to understand the nature of plaintiff's complaint, and did not give plaintiff an adequate opportunity to explain his complaint prior to ruling on it; (4) the order should be vacated on grounds that the undersigned assumed the role of "defense attorney," and acted as in purportedly incompatible roles of judge and advocate; (5) the order incorrectly referenced a prior order by Judge Larson adjudging plaintiff to be a "vexatious litigant."  Plaintiff's papers also include several pages of "Notes," in which plaintiff appears to principally take issue with the court's prior finding that the statutes of limitation had run on plaintiff's claims.

With respect to the first, second, and fourth of plaintiffs' arguments – all of which challenge the lawfulness of the court's authority to dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915 – they are insufficient to warrant reconsideration.  None of these arguments establishes any material difference in fact or law from that previously presented to the court; constitutes new material facts or a change in law; or identifies a manifest failure of the court to consider material facts or dispositive legal arguments.  Moreover, the lawfulness of 28 U.S.C. § 1915, including the court's right to dismiss any claim lacking an arguable basis in either law or fact, has been long-established.  See Neitzke v. Williams, 490 U.S. 319, 640-41 (1989).

Plaintiff's third argument – that the court failed to understand the nature of plaintiff's complaint – is unsupported by any actual attempt to identify the ways in which the court's order exhibits any misunderstanding of the complaint.  Plaintiff fails to pinpoint, for example, any "errors" in the court's understanding of the complaint that led to an incorrect decision.  Plaintiff merely states that the court should have issued a statement of deficiencies giving plaintiff an opportunity to help the court understand the complaint, or else should have conducted a hearing in order to provide plaintiff with the opportunity to

explain his complaint, prior to issuing its order. Plaintiff does not explain why the court should have provided as much, however, absent any clearly identified misunderstanding of the complaint. Plaintiff also fails to cite to any legal authority that would have required the court to provide such relief. Nor could he, in view of the fact that the court's order was premised on a substantive discussion of the causes of action asserted in plaintiff's complaint, and the inherent deficiencies that appeared from the face of the complaint itself.

To the extent plaintiff next asserts that the court's order incorrectly referenced a prior order by Judge Larson adjudging plaintiff to be a "vexatious litigant," the court finds that no error has been demonstrated. Judge Larson issued an order for pre-filing review on July 29, 2010, in Ha v. U.S. Attorney General, et al., C 09-5281. That order considered whether plaintiff should be deemed a vexatious litigant, chronicled the history of plaintiff's filings in this court and in state court, and concluded that plaintiff's numerous frivolous filings did, in fact, require pre-filing review of all future pro se filings. Thus, the court's reference to Judge Larson's order demonstrates no error. To the extent that plaintiff's reconsideration request seeks to challenge the substance of Judge Larson's order, this is not the appropriate forum for such a challenge.

Finally, plaintiff's only challenge to the actual substance of the court's February 18 order – i.e., plaintiff's challenge to the court's prior finding that the statutes of limitation had run on plaintiff's claims – presents no basis for reconsideration of the order. The court previously found that each of plaintiff's four claims was barred by the applicable statute of limitations and/or plaintiff's failure to allege exhaustion of administrative remedies. While the court took notice of plaintiff's allegation that any statute of limitations was "tolled such that they would not begin running till sometime after [he] started receiving SSI in 2010," the court found such allegation to be conclusory and without legal support, in view of plaintiff's contrary allegations, and the lack of any legal authority that would support tolling based on receipt of social security benefits.

Plaintiff now concedes that the statutes of limitation with respect to his claims had

1  run "years ago before February 2010," but asserts that the court's prior finding was in error
2  because any applicable statutes of limitation "did not start to run until, under the facts of
3  [his] case, [he] received notification from federal government in 2010 that [he] had been
4  disabled within the meaning of federal law." See Mot. Reconsider. at F2.  Plaintiff fails
5  once again, however, to explain how this observation highlights a material difference in fact
6  or law from that previously presented to the court; constitutes new material facts or a
7  change in law; or identifies any manifest failure by the court to consider material facts or
8  dispositive legal arguments.  Indeed, plaintiff fails to explain how he could have even
9  received 'notice' from the federal government with respect to his disability in 2010, when his
10 very complaint alleges that he was disabled as early as 1990 or 1991 (when one of the
11 general counsels at NYCHA purportedly realized that plaintiff "was not a normal person"),
12 and further alleges that plaintiff was denied a return to work on the basis of his disability in
13 1993.  Complaint, ¶¶ 7, 11-12.  In short, even if plaintiff were able to highlight a material
14 difference in fact or law, identify any new material facts or change in law, or identify any
15 failure by the court to consider any material facts or legal arguments, plaintiff has still
16 presented no plausible or arguable basis upon which to argue that the applicable statutes
17 of limitations were tolled until 2010.

18     In sum, plaintiff has failed to come forward with any argument or evidence setting
19 forth sufficient grounds for reconsideration of the court's February 18 order.  Accordingly,
20 plaintiff's motion for reconsideration is DENIED.

22 **IT IS SO ORDERED.**
23 Dated: March 16, 2011

24                                            _____
                                               PHYLLIS J. HAMILTON
                                               United States District Judge

4